ROYAL INSURANCE, et al., Plaintiffs,

v.

LYNNHAVEN MARINE BOATEL, INC., et al., Defendants.

No. CIV.A. 201CV425.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 11, 2002.

James long Chapman, IV, Amy Sue Morrissey, Crenshaw Ware & Martin PLC, Norfolk, VA, Mark T. Mullen, Cozen and O'Connor, Philadelphia, PA, for Plaintiffs.

Craig David Roswell, Donald Lee Speidel, Niles, Barton & Wilmer, Baltimore, MD, Carl W. Isbrandtsen, Virginia Beach, VA, Jason E. Dodd, Heilig McKenry Fraim & Lollar PC, Norfolk, VA, for Defendants.

### MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

This matter is before the Court on Motions for Sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power, filed by Defendants Lynnhaven Dry Storage Marina, M & G Associates, Dockside Associates, F. Wayne McLeskey, and J. Crockett Henry. For the following reasons, the Court DENIES Defendants' Motions for Sanctions.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs Royal Insurance Company of America, United Services Automobile Association, Buckeye Union Insurance Company, Allstate Insurance Company, Virginia Farm Bureau Mutual Insurance Company, Charles A. Bayne, and Ernest Lambert (collectively, "Plaintiffs") filed the instant action to recover damages against, *inter alia*, Defendants Lynnhaven Dry Storage Marina ("LDSM"), M & G Associates, Dockside Associates, F. Wayne McLeskey, Bel–Aire Inc., and J. Crockett Henry (collectively, "Defendants"), for damage to personal property caused by a fire at a boatel. Plaintiffs sought recovery against these Defendants based on their alleged negligent construction of the boatel as stated in Count IV of the Complaint. On March 14, 2002, the Court entered a Memorandum Opinion and Order granting Defendants' Motions for Summary Judgment because the action against Defendants was time-barred by Virginia's Statute of Repose.

On April 10, 2002, J. Crockett Henry and LDSM filed three separate Motions for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court's Inherent Powers, and 28 U.S.C. § 1927. On April 11, 2002, Bel–Aire Inc., McLeskey, Dockside, and M & G filed three Motions for Sanctions based upon the same grounds. On April 11, 2002, Defendants filed a Joint Memorandum in support of their motions for sanctions. On April 16, 2002, Plaintiffs filed an opposition memorandum to Defendants' motions for sanctions. Counsel for Plaintiffs requested a hearing from the Court on Defendants' motions for sanctions. The Court finds that oral argument is unnecessary to adjudicate the motion; accordingly, the matter is ripe for determination.

### II. LEGAL STANDARDS AND ANALYSIS

#### A. Sanctions pursuant to Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 authorizes the Court to impose sanctions upon attorneys, law firms, or parties that violate the certification requirement contained in Rule 11(b). Rule 11(b) provides that:

> By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defens-

es, and other legal contentions therein are warranted by existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.

Sanctions may be initiated by motion or by the Court *sua sponte.* Fed.R.Civ.P. 11(c)(1)(A). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by those similarly situated," including payment of "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation." Fed.R.Civ.P. 11(c)(2). "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed.R.Civ.P. 11(c)(1)(A).

■ A motion for sanctions pursuant to Rule 11 is subject to a "safe harbor" provision, which requires that the party seeking sanctions serve its opponent with the initial motion for sanctions twenty-one days prior to filing the motion with the court, thus giving the party an opportunity to withdraw the offending contention and avoid sanctions under the rule. Fed. R.Civ.P. 11(c)(1)(A). Rule 11 Sanctions are not available when the moving party waits to serve the motion after the final disposition of the claim between the parties. *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir.1997), *cert. denied,* 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998) (holding that "sanctions under Rule 11 are unavailable unless the motion

for sanction is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule 11."); *see also* Fed. R.Civ.P. 11, Application Notes ("Given the 'safe harbor' provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).").

Defendants move the Court for sanctions pursuant to Rule 11 against Plaintiffs and their attorneys, alleging that they failed to engage in a pretrial investigation of the allegations and such would have "revealed both the existence of Virginia's statute of repose and the general rule declining to impose liability on a landlord for injuries to its tenant's business invitees." Def. Joint Mem. in Supp. of Mots. for Sanctions, at 22. Defendants place emphasis on the fact that Plaintiffs pursued the claims against Defendants despite the application of the statute of repose. Defendants proffer that they submitted documents to Plaintiffs that should have provoked a withdrawal of their claims against Defendants. As the litigation continued, Plaintiffs effectively conceded that Counts I–III were inapplicable to Defendants, but those counts were not withdrawn until after Defendants filed their motions for summary judgment. Defendants contend that Plaintiffs' vigorous opposition to Defendants' motions for summary judgment with regard to the application of the Statute of Repose further increased Defendants' costs.[1] In addition, Defendants draw the

---

**1.** This argument is unavailing. The Court notes that Defendants had an opportunity to reduce their litigation costs by filing a case-dispositive motion early in the litigation.

Court's attention to specific acts of discourtesy on the part of Plaintiffs' counsel.

 Plaintiffs first argue that Defendants' Motions for Sanctions under Rule 11 are untimely because Defendants failed to comply with the "safe harbor" requirement of Rule 11, and should not be considered as a basis for the imposition of sanctions in this matter. Defendants did not file a motion for Rule 11 sanctions at any point during the litigation to contest the Plaintiffs' filings; rather, the motions were not served upon Plaintiffs until after Defendants were dismissed from the case when the Court granted their motions for summary judgment. Plaintiffs advised Defendants that their motions were untimely under Rule 11, however, Defendants did not withdraw the motions. In their factual statement, Plaintiffs dispute Defendants' allegations of misconduct contained in their motions for sanctions. For example, Plaintiffs claim that Defendants never asked that Counts I–III be dismissed against them, only that they should be dropped from the entire litigation. Plaintiffs further claim that they appropriately pursued their claim under Count IV.

The Court finds that Defendants failed to meet the 'safe harbor' requirements of Rule 11 and· failed to file the motion for sanctions until after their motion for summary judgment was granted. The Court acknowledges that Defendants, to the extent they believed the claims by Plaintiffs were frivolous and unsupported, had ample opportunity to bring a Rule 11 motion during the course of the litigation. Instead, Defendants proceeded through the litigation, conducted discovery, and filed a motion for summary judgment, which the Court ultimately granted. The purpose of Rule 11 sanctions is to deter improper pleadings and contentions. In accordance with the Advisory Committee Notes and standing case law, the Court declines to employ deterrent measures after the liti-

gation is resolved. Accordingly, Defendants' Motions for Sanctions pursuant to Federal Rule of Civil Procedure 11 are **DENIED**.

## B. Sanctions pursuant to 28 U.S.C. § 1927

 Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United states or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The focus of § 1927 is on the attorneys' conduct of the litigation, rather than on the merits. *DeBauche v. Trani,* 191 F.3d 499, 511–12 (4th Cir.1999). An award by the court of attorneys' fees under this section is for conduct "more egregious" than behavior sanctionable under Rule 11. *O'Rourke v. City of Norman,* 640 F.Supp. 1451 (W.D.Okla.1986), *rev'd on other grounds,* 875 F.2d 1465, *cert. denied,* 493 U.S. 918, 110 S.Ct. 280, 107 L.Ed.2d 260. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that a finding of bad faith is a necessary precondition to imposition of fees on an attorney under § 1927. *Brubaker v. City of Richmond,* 943 F.2d 1363, 1382 n. 25 (4th Cir.1991).

 The Court finds that there is no indication in Defendants' alleged facts of the bad faith conduct sought to be remedied by § 1927 sanctions. Plaintiffs, although ultimately unsuccessful in their litigation against the Defendants, proceeded vigorously in their claim under Count IV under an apparent good faith belief that the statute of repose did not apply to Defendants because they did not physically

construct the boatel. Although the Court declined to accept their proposed interpretation of the Statute of Repose, it does not warrant the imposition of sanctions for what Plaintiffs perceived to be an arguable issue of law. Furthermore, Plaintiffs did not "multiply" the proceedings as conceived by § 1927 in conducting depositions in support of their claims against Defendants. Section 1927 seeks to admonish unnecessary delay and process to the extent manufactured by the bad faith actions of counsel. Plaintiffs' conduct in the instant matter do not indicate the requisite bad faith. Accordingly, the Court **DENIES** Defendants' Motions for Sanctions pursuant to 28 U.S.C. § 1927 against Plaintiffs' counsel.

## C. Sanctions pursuant to the Court's Inherent Power

 " 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' *Anderson v. Dunn*, 19 U.S. 204, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821). These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). While this power 'ought to be exercised with great caution,' it is nevertheless 'incidental to all Courts.' *Id.* Indeed, '[t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel,' *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488, (1980), even though the so-called 'American Rule' prohibits fee shifting in most cases. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). . . . A court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Alyeska*, 421 U.S. at 258–59, 95 S.Ct. 1612 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974)). In this regard, if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party, *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946), as it may when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order,' *Hutto v. Finney*, 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 57 L.Ed.2d 522. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.' *Id.*" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (some internal citations omitted).

 In finding whether Plaintiffs' conduct in the litigation warrants sanctions pursuant to the above-mentioned grounds, the Court must carefully scrutinize whether any of Defendants' allegations warrant sanctions by the Court not heretofore covered by Rule 11 or § 1927. Only in instances of "bad faith, vexatious[ ], wanton[ ], or for oppressive reasons," should the Court employ its inherent power to vindicate a party's actions. There is no evidence of such behavior on the part of Plaintiffs. Accordingly, the Court declines to invoke sanctions under its inherent pow-

er and **DENIES** Defendants' Motions for Sanctions pursuant to the Court's Inherent Power.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motions for Sanctions.

The Clerk is Directed to send a copy of the Memorandum Opinion and Order to the parties.

IT IS SO **ORDERED**.