**Gary WILLIAMS, Plaintiff,**

v.

**FAMILY DOLLAR SERVICES, INC., Defendant.**

#### No. 2:04CV131.

United States District Court, E.D. Virginia, Norfolk Division.

July 21, 2004.

As Corrected July 29, 2004.

Gary C. Byler, Esquire, Virginia Beach, VA, Counsel for Plaintiff.

Robert J. Barry, Esquire, Kaufman & Canoles, PC, Norfolk, VA, Jerry H. Walters, Jr., Esquire, Jacob J. Modla, Esquire, Haynsworth Baldwin Johnson & Greaves, LLC, Charlotte, NC, Counsel for Defendant.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion against plaintiff and plaintiff's counsel for $5,596.18 in attorneys' fees and for additional sanctions. For the reasons set forth below, defendant's motion is **GRANTED** in part. Plaintiff's attorney is **ORDERED** to pay defendant $2,468.10 in attorneys' fees.[1]

### I. Factual and Procedural History [2]

On January 31, 2001, two plaintiffs, Janice Morgan and Barbara Richardson, filed a class action against defendant for violations of the Fair Labor Standards Act in the United States District Court for the Northern District of Alabama. The complaint alleged that, as managers in defendant's stores, plaintiffs were required to work in excess of forty hours per week, but did not receive overtime pay despite the fact that the majority of their time was spent performing non-managerial functions. On November 7, 2002, the district court in Alabama granted a motion made by Morgan and Richardson permitting them to provide nationwide notice to defendant's managers and former managers for the purpose of allowing them to opt-in to the class action.

On December 16, 2002, Gary Williams ("Williams"), the plaintiff in the above-captioned lawsuit and allegedly a former employee of defendant, filed his consent to opt-in to the class action. However, in early 2004, plaintiff also filed a motion for judgment in the Circuit Court for the City of Norfolk, seeking relief from defendant for exactly the same alleged injury. On February 12, 2004, defendant was personally served with process, which specified that attorney Gary C. Byler ("Byler") was representing Williams in the above-captioned matter. On March 3, 2004, defendant removed Williams' motion for judgment to this court. On March 10, 2004, defendant filed a motion to dismiss or, in the alternative, for summary judgment, on the basis that Williams was already a plaintiff in the existing class action in Alabama. Defendant's motion was accompanied by a supporting memorandum and relevant documents, a copy of which was mailed at that time to Byler, in accordance with Federal Rule of Civil Procedure 5(b)(2)(B).

1. Though its filing is entitled "Motion for Attorneys' Fees and Sanctions," defendant does not specifically ask the court to impose any sanctions other than charging plaintiff and plaintiffs' counsel with its attorneys' fees. Further, 28 U.S.C. § 1927 does not provide for the imposition of costs against a litigant who is represented by counsel, and defendant put forth no evidence or argument that would support the use of this court's inherent power to assess attorneys' fees against plaintiff Gary Williams.

2. Except where otherwise noted, the factual and procedural history of this case is taken from this court's April 27, 2004 Order granting defendant's motion to dismiss. *Williams v. Family Dollar Svcs., Inc.*, No. 2:04cv131, at 1–4 (E.D. Va. filed Apr. 27, 2004). Citations to the supporting documents have been omitted.

According to defendant's motion for attorneys' fees and sanctions, on March 24, 2004, defense counsel contacted Byler by telephone to explain that the above-captioned suit had to be dismissed for the reasons stated in its March 10, 2004 motion. Defendants also requested that Byler pay defendant's attorneys' fees.[3] Following the phone conversation, Byler sent via facsimile a letter to defense counsel dated March 24, 2004. Attached to the letter were two proposed draft stipulations of dismissal. The letter stated that Byler would forward defense counsel a formal copy of the dismissal stipulations for their endorsement, and that he "will be happy to pay any attorney's fees and/or costs the court deems appropriate." (Def.'s Mem. in Supp. of Mot. for Att'ys Fees and Sanctions, Attach. B.)

Byler did not forward the stipulations of dismissal to defense counsel. On March 26, 2004, defense counsel again contacted Byler, and notified him that it would file a motion for sanctions if he did not agree to pay defendant's attorneys' fees, but that defendant would sign the first proposed stipulation of dismissal Byler had submitted on March 24, 2004.[4] (Id. at 2.) Rather than pursuing this course of action, however, on March 30, 2004, Byler sent defense counsel two new proposed draft stipulations and agreed to pay defendant $1,000 in attorneys' fees. (Id. at 3.) On April 1, 2004, defense counsel contacted Byler by telephone and reiterated that defendant would sign the first proposed stipulation of dismissal. (Id.) Also during that conversation, the attorneys allegedly agreed that Byler would dismiss the action and pay $2,000 of defendant's attorneys' fees. (Id.) Byler did not do so. Rather, on April 6, 2004, Byler allegedly sent plaintiff a draft motion to transfer venue to the United States District Court for the Northern District of Alabama, and a draft motion to consolidate the above-captioned lawsuit with the pending class action. (Id., at Ex. E.) Byler never filed these motions with the court. Further correspondence between Byler and defense counsel did not result in the filing of a stipulation of dismissal. (Id. at 3.)

When the Clerk did not receive a timely response to defendant's motion to dismiss or, in the alternative, for summary judgment, from plaintiff, she sent Byler a letter, dated March 31, 2004, requesting that Byler notify the Clerk of his intentions regarding a response to defendant's motion. The letter also informed Byler that if no response was received, the matter would be referred to the court for decision. Byler did not respond to the Clerk's letter and never filed a response to defendant's motion. Accordingly, on April 27, 2004, the court granted defendant's motion and dismissed plaintiff's motion for judgment. *See Williams v. Family Dollar Svcs., Inc.,* No. 2:04cv131 (E.D. Va. filed Apr. 27, 2004).

On May 10, 2004, defendant filed its motion for attorneys' fees and sanctions under 28 U.S.C. § 1927 and the court's inherent authority to discipline litigants

---

**3.** Under Federal Rule of Civil Procedure 41(a)(1), "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1). Thus, once defendant filed its March 10, 2004 motion for summary judgment, defendant's signature on the stipulation of dismissal was required to voluntarily dismiss the action.

**4.** The first proposed stipulation of dismissal simply provided, "[p]lease take notice that the above-entitled action is hereby dismissed with prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." (Mem. in Supp. of Def's. Mot. for Att'ys Fees and Sanctions, Ex. C, Attach. A.)

and members of the bar. Byler has not responded to defendant's motion and the time to respond has passed. The matter is ripe for review.

## II. Standard of Review

Title 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927 (1994). The legislative history of the statute indicates that one of the purposes of its enactment in 1813 was to "prevent multiplicity of suits or processes, where a single suit or process might suffice." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 759, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting 26 Annals of Cong. 29 (1813)). A finding of bad faith is a prerequisite to an award of attorneys' fees under § 1927. *Brubaker v. City of Richmond,* 943 F.2d 1363, 1382 n. 25 (4th Cir.1991). "Vexatious" conduct, by definition, "involves either subjective or objective bad faith." *United States v. Camco Const. Co., Inc.,* 221 F.Supp.2d 630, 634 (D.Md.2002) (citations omitted).

In addition to the court's discretion to award attorneys' fees under § 1927, the court has the inherent authority in appropriate cases to assess attorneys' fees and impose other sanctions against a litigant or a member of the bar who has "acted in bad faith, vexatiously, wantonly, and for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *see also Roadway Express,* 447 U.S. at 766–67, 100 S.Ct. 2455. "While this power 'ought to be exercised with great caution,' it is ... 'incidental to all Courts.'" *Royal Ins. v. Lynnhaven Marine Boatel, Inc.,* 216 F.Supp.2d 562, 567 (E.D.Va.2002) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Thus, if the court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," then it can assess attorneys' fees against the responsible party. *Id.* (quoting *Universal Oil Prods. Co. v. Root Refining Co.,* 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)).

> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

*Chambers,* 501 U.S. at 46, 111 S.Ct. 2123 (internal quotations and citation omitted). An appropriate sanction is a matter of the court's discretion. *Blue v. U.S. Dep't of the Army,* 914 F.2d 525, 546 (4th Cir.1990).

## III. Analysis

The court exercises its discretion under 28 U.S.C. § 1927 and its inherent power to sanction members of the bar to award defendant $2,486.10 in attorneys' fees against Byler. While the evidence is insufficient for the court to determine whether Byler filed the motion for judgment in the Norfolk Circuit Court in bad faith, the court finds that his failure to immediately file a stipulation of dismissal once given actual notice of his client's pre-existing civil action was unreasonable and vexatious. Accordingly, defendant is awarded the portion of its attorneys' fees which were incurred after Byler was on actual notice that he was required to withdraw the complaint, which amount to $2,486.10.

The unrebutted documentary evidence before the court shows that Byler had actual notice of the need to voluntarily

dismiss the above-captioned action no later than March 15, 2004. Plaintiff's motion for judgment was filed in early 2004 in the Circuit Court for the City of Norfolk, and sought precisely the same relief for exactly the same alleged injury as the class action in which Williams was a plaintiff that was pending in a federal court in Alabama. *See Williams v. Family Dollar Svcs.*, No. 2:04cv131, at 3–4 (E.D. Va. filed Apr. 27, 2004). Though it is possible that Byler was unaware of Williams' status as a plaintiff in the pending class action at the time that the motion for judgment was filed, once Byler received defendant's motion to dismiss or, in the alternative, for summary judgment, he had actual notice of Williams' participation in the Alabama class action. Defendant's motion to dismiss or, in the alternative, for summary judgment, and the accompanying certificate of service are dated March 10, 2004. Byler was served with the motion by mail. Assuming three days for delivery, *see* Fed. R.Civ.P. 6(e), Byler was notified of his client's participation in the pending class action no later than March 13, 2004, a Saturday. Even giving Byler the benefit of the weekend, *see* Fed.R.Civ.P. 6(a), beginning on Monday, March 15, 2004, Byler was under an affirmative obligation to either make a good faith argument for the simultaneous prosecution of both suits, or to contact defense counsel for the purpose of immediately filing a stipulation of dismissal.[5] Thereafter, his failure to actively attempt to file an endorsed stipulation of dismissal pursuant to Rule 41(a)(1)(ii) was clearly an action done in bad faith and for the purposes of delay.[6] Though after contacting Byler on its own, defense counsel demanded that Byler also pay defendant's attorneys' fees, defendant agreed almost immediately after receiving the first set of proposed stipulations of dismissal to sign one of them and seek attorneys' fees though a motion for sanctions instead. In other words, there was simply no justification for Byler's failure to file a stipulation of dismissal, once he had notice of plaintiff's preexisting suit.

In order to appropriately punish Byler for his vexatious and unreasonable conduct, and to deter other attorneys from behaving in a like manner, the court assesses those attorneys' fees incurred by defendant because of Byler's failure to file a stipulation of dismissal on or after March 15, 2004, the first day on which the evidence shows the continuation of Williams' suit was in bad faith. The uncontested total amount of fees incurred from that date forward is $2,468.10. Moreover, on review by the court, these fees appear to be reasonable. Reviewing the itemized fees list attached to defendant's motion for attorneys' fees and sanctions, the court notes that the majority of these fees arose from defense counsel's repeated attempts to contact Byler for the purpose of obtaining a voluntary dismissal, and in the preparation of defendant's motion for attorneys' fees and sanctions. (*See* Mem. in Supp. of Def.'s Mot. for Att'ys Fees and Sanctions, at Ex. I, Attach. A.) The court also finds that this sanction is sufficient to "vindicate[ ] judicial authority without resort to the more drastic sanctions available," and to make defendant whole "for expenses caused by [its] opponent's obstinacy." *Chambers*, 501 U.S. at 46, 111 S.Ct. 2123. Therefore, additional sanc-

---

5. Significantly, plaintiff failed to respond to defendant's motion to dismiss, and has never offered any argument that the motion for judgment filed in the Norfolk Circuit Court does not state exactly the same claim as the class action pending in Alabama.

6. It is also significant that Byler has failed to make any contention that he was actively pursuing a stipulation of dismissal, or that defense counsel in any way hindered his attempt to obtain an endorsed stipulation.

tions would not serve the interests of justice and are not imposed.[7]

### IV. Conclusion

For the reasons set forth above, defendant's motion is **GRANTED** in part. Attorney Gary C. Byler is **ORDERED** to reimburse defendant for $2,468.10 of the attorneys' fees it incurred in the defense of the above-captioned matter. The Clerk is **DIRECTED** to enter judgment to this effect against Byler, and to send a copy of this Opinion and Final Order to counsel and to the parties.

**IT IS SO ORDERED.**